DANIEL L. LAROCQUE, District Attorney, Marathon County
You have requested my opinion concerning a contemplated criminal prosecution for a violation of sec. AG 29.12 (3) of the Wisconsin Administrative Code. You have advised that the Department of Natural Resources contemplates such prosecution for a violation of this section which prohibits persons from depositing pesticides in public waters of the State. Specifically, you asked whether subsec. 3 of sec. 29.65 of the Wisconsin Statutes, is a bar to a criminal prosecution for that offense.
It is my opinion that a prosecution for violation of sec. AG 29.12 (3), Wis. Adm. Code, is not barred by a civil action commenced pursuant to authority given by sec. 29.65, Stats. *Page 131 
In the recent case of Department of Natural Resources v.Clintonville (1971), 53 Wis.2d 1, 191 N.W.2d 866, the Supreme Court had occasion to consider the legislative intent of sec. 29.65, Stats. In that case, a fish kill resulted from the lowering of the level of the pond created by a mill dam on the Pigeon River which runs through the City of Clintonville. The Department of Natural Resources had not given its prior approval to the lowering of that pond as required by sec. 31.02, Stats. The question before the court was whether a violation of that statutory section constituted the type of"unlawful" action contemplated by sec. 29.65 (1), Stats. The court held that it did not. In attempting to arrive at the legislative intent of that section, the court referred to the scope, history, context, subject matter, the purpose or object to be accomplished, and the caption of the act passed by the legislature. On page 10 the court said:
"We agree with the view expressed in the brief of the amicuscuriae that although all the express violations of the provisions of ch. 29, Stats., are remedied by the imposition of criminal penalties, some cases may not be susceptible to adequate treatment by the criminal penalties when the amount of damage or injury to the fish or wildlife is extensive. . . . For such cases especially, sub. (3) of sec. 29.65 provides an alternative adequate civil remedy and if used bars criminal prosecution and conversely, if criminal prosecution is used, it is an alternative for a civil action for the `same offense.' The concept of the `same offense' and alternative remedies indicate the civil remedy which was added to the chapter after the criminal penalties were in existence is coextensive with the expressed criminalprovisions. . . ." (Emphasis supplied)
On page 11 of that same case, the court held:
"As we view sec. 29.65, Stats., it liquidates the amount of damages for acts expressly prohibited by ch. 29 and has noapplication to any cause of action at common law for anintentional or negligent tort. Since sec. 29.65 provides for a civil action only for criminal acts expressly prohibited inch. 29, we do not reach the question of the sufficiency of the proof of the scope of authority of alderman Hangartner in lowering the dam. . . ." (Emphasis supplied) *Page 132 
Section AG 29.12 (3), Wis. Adm. Code, was enacted pursuant to the authority of sec. 94.69 (9), Stats., authorizing the Department of Agriculture to adopt a rule governing the use of pesticides, including their formulations, and to determine the time and methods of application and other conditions of use. A violation of that section of the Wisconsin Administrative Code is not punishable by any authority in ch. 29, but rather is punishable under the provisions of sec. 94.71 (1), Stats. A prosecution for a violation of that administrative code section is not barred by a civil action brought pursuant to the authority of sec. 29.65, Stats., to recover the statutory damages provided therein for killing of fish. This is true even though the fish were killed as a consequence of the spilling of pesticides into a trout stream which may also constitute a violation of sec. 29.29, Stats. A prosecution for a violation of 29.29 is barred by the civil action commenced under 29.65. See sec. 29.65 (3), Wis. Stats.
The term "same offense" is not unknown to the law. That term has most frequently been construed in connection with Art. I, sec. 8 of the Wisconsin Constitution, which states in part, "and no person for the same offense shall be put twice in jeopardy of punishment." The same phrase appears in the United States Constitution in the Fifth Amendment where it says in part, "nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb." An examination of the annotations under these two constitutional provisions quickly discloses that prosecutions under both secs. 29.29 and 94.69, Stats., would be permissible since different elements must be proven in each case. It is not unusual that prosecutions for violation of more than one statute arise from a single occurrence or chain of events, and such prosecutions enjoy statutory sanction in Wisconsin. See sec. 939.65, Wis. Stats. It is my opinion that only the ch. 29 violations would be barred by the civil action commenced pursuant to sec. 29.65, Stats.
RWW:RBM